OPINION

JAMES G. WILCOXEN, Justice.
Appellant Coates is an elected council member of the Cherokee Nation. She brings suit alleging she was denied access to and copies of certain Tribal documents, thereby violating her rights under the Cherokee Nation Freedom of Information and Rights of Privacy Act (“Cherokee FOIA”) and the Government Records Act (“GRA”) of the Cherokee Constitution.
On March 18, 2013, Coates submitted four requests for Tribal documents[1] to the Principal Chief along with other various department heads including Attorney General Hembree. Upon receiving Coates’ request, Hembree made the documents available for Coates to review in the Attorney General’s office during regular business hours. Although Coates was given the opportunity to review and make notes of the documents, Hembree denied her the ability to make copies of the documents declaring them to be “confidential.”[2] Coates, through her attorney, reviewed the documents in question and deemed them to be insufficient. Coates then filed suit, claiming Respondents were withholding certain documents and denying her right to copy said documents under the Cherokee FOIA and the GRA.
Respondents moved to dismiss Coates’ claims, upon which the District Court held GRA arguments. The District Court dismissed the case without prejudice, holding:
1. The appropriate persons were not served requests for information under the GRA.
2. The matter was premature due to Coates’ failure to review all of the documents provided in detail to determine if the Respondents had properly responded to the request.
3. The documents were properly provided for Coates’ review at the Attorney General’s office.
Order at 2. In addition, the District Court held that, “Once the documents requested have been provided in accordance with the Act, it then becomes incumbent upon the person requesting such documents to identify those which he or she determines may not have been provided, and to make a specific request for those documents.” Order at 1. The District Court dismissed Coates’ claims without prejudice to allow her an opportunity to review the documents, and then make a request for any missing documents.
The ruling of the District Court aside, the principal issue in this case is whether Cherokee law requires confidential Tribal documents to be physically copied for use by Cherokee council members. While the crux of this case turns on whether the GRA requires this practice, Coates has *337 also claimed that her rights as a Cherokee citizen have been violated under the Cherokee FOIA.[3] Therefore, we will take up this first issue in turn.
I.
The Cherokee FOIA was enacted to provide all Cherokee citizens the right of open access to any and all Cherokee Nation documents, records, and other materials, provided that the information sought is not exempt from disclosure, LA-25-01 at § 102. Naturally, as an elected council member of the Cherokee Nation, Coates is able to claim citizenship of the Tribe as well. The Act states that, “Any Cherokee Nation citizen has a right to inspect or copy any public record of a public body ...” Id, at § 104(A); (emphasis added). The statute then lists the types of records which must be made available for public inspection and copying in § 104(D). Obviously Coates as a Cherokee citizen has the right to both access to and copies of the documents falling within the purview of § 104(D). If any of the documents she has requested falls within the categories this provision contemplates, then she has an unequivocal right to copies of those documents. The Act goes on to explicitly list the types of documents, records, and other information that, “A public body may, but is not required to, exempt from disclosure ...” Id. at § 105(A). Clearly Coates cannot use her rights as a Cherokee citizen to réview and/or copy these types of documents if she is denied access by the public body which controls them.
We believe the Cherokee FOIA is dear: Appellant Coates has the right as a citizen of the Cherokee Nation to both review and copy any records listed under § 104(D) of the Cherokee FOIA. If Respondent Hem-bree’s office has fairly deemed the various requested documents exempt from access under the purview of § 105(A), then Coates has no recourse under her Cherokee citizenship. However, Coates has the added advantage of being council member, which gives her access to information over and above that of the common Cherokee citizen under the GRÁ.
As stated above, the Cherokee FOIA makes certain information public to the Cherokee Nation at-large. The GRA, on the other hand, deals strictly with the rights of Cherokee council members to have open access to certain Tribal documents, records, and other materials. The relevant portion of the GRA pertaining to this case states: “In the event that the record submitted to the Council Member(s) is ‘privileged or confidential’ as defined under the federal Freedom of Information Act, 5 U.S.C. § 552(b)(4) and the federal case law thereunder, that record shall, nevertheless, be produced or otherwise made available to the requesting Council Member(s).” 19 CNCA § 5(D); (emphasis added).”[4]
*338 Coates argues that the language of the GRA only makes sense if it is construed to allow council members not only access to the requested documents, but the right to make copies of them as well. We disagree with her interpretation. Coates contends that:
The GRA, amended on June 13, 2012, provides that Respondents shall provide the requested records to the requesting council member and the Council’s legislative aide. Then the legislative aide shall also provide a copy of all requested records to the Principal Chief and Speaker of the Council. This provision of the GRA clearly means Respondents provide copies of the requested records to Coates and the legislative aide who, in turn, provides additional copies to the Principal Chief and Speaker of the Council.
Coates’ Brief-in-Chief at 3; (emphasis added by Coates). What Coates is referring to is § 45(C) of the Enhanced GRA, which was enacted in 2014 in an attempt to “clarify” the original GRA. LA-IS-14 at § 2. As the Couneilmember points out, this amended version of the GRA includes the phrase “shall also provide a copy.” Yet, neither § 5(D) of the original GRA nor § 45(E) of the Enhanced GRA contain such language.[5] Rather, they merely state “produced or otherwise [make] available.” We are of the opinion that the legislature would have included the word ‘copy’ throughout both the original and Enhanced versions of the GRA if it intended for such practices. Moreover, the fact that no such language was added to § 45(E) of the Enhanced GRA when it was recently “clarified” is particularly indicative that the legislature willfully excluded the allowance of copies.
Coates also makes several inquiries questioning the logic and overall common sense of § 4S(C):
The notion that the GRA does not require physical production of the document, either by hard copy or electronically is belied by the language that an additional copy is provided by the legislative aide to the Speaker of the Council and made part of the records of the Council. It would be nonsense that the Council’s legislative aide, the Speaker of the Council and the Principal Chief are all to receive copies of the requested records, but the only person not permitted 10 have copies is the Council member who requested them. How is the legislative aide going to make copies of the requested documents without physical possession of them? How is the Speaker going to make the requested documents part of the Council’s record without a copy of them? How is the Principal Chief going to get a copy if the legislative aide does not have a copy?
Coates’ Opening Brief at 11-12; (emphasis added by Coates). We do not find the GRA so confusing. What the Council-member fails to recognize is that § 45(C) applies to records in general. Meaning that, in general, any requested records must be copied for the requesting council member and made part of the record. However, § 45(E) is the exception to this general rule, and applies to that narrow group of records defined as “confidential” by the GRA.[6] In other words, if the re *339 quested records are deemed “confidential” under the GRA, they may not be copied for the requesting council member.
It may be important to examine the Cherokee FOIA to determine the legislative intent behind the drafting of the GRA. A careful reading of § 104(0) of the Cherokee FOIA reveals the types of records that “must be made available for public inspection and copying ...” (emphasis added). We believe that, when read in conjunction with § 5(0) of the original GRA and § 45(E) of the Enhanced GRA, this provision suggests that the legislature deliberately excluded any language of ‘copying' when drafting these sections of the GRA. Guided by the Cherokee FOIA, it is the opinion of this Court that the legislature would have included such language not only in the Cherokee FOIA, but throughout both versions of the GRA as well if it intended the copying of confidential documents for use by council members to be a required practice.
Nowhere in either version of the GRA does it state anything requiring that council members be given the opportunity to make copies of confidential documents. For someone in Coates’ position, the statute requires only that the requested documents be “produced or otherwise made available.” It is undisputed that records not deemed confidential may be copied for use by council members under the GRA. However, under a fair reading of the Act as a whole, any documents which are déetned confidential by the Administration only requires that a council member be provided with access to the requested documents, and not copies in addition.[7]
Notwithstanding, it must be clear that while a Cherokee Nation Councilmember such as Coates may not be allowed copies of documents deemed “confidential,” under no circumstances may she be denied access to such documents in line with the GRA. While Coates has been denied the ability to make physical copies of the records deemed confidential, they have not been made entirely unavailable or inaccessible to Coates or her attorney.
This Court recognizes that elected council members must be given an adequate opportunity to meaningfully and extensively view documents they request in order to fully perform the duties of their position. Here, it is worth mentioning that Coates is an At-Large Council Member, living in Los Angeles. Denying her the ability to copy makes her duties especially difficult to accomplish when considering the fact that she is statutorily required to live outside of the Cherokee Nation. As the Cherokee FOIA points out: “Records must be produced in a form that is both convenient and practical for use by the person requesting copies of the records concerned.” LA-2S-01 at § 104(B). Nevertheless, we are bound by the language of § 5(D) of the GRA, which provides council *340 members merely with access to, and not copies of, confidential Tribal documents.
Ill,,
This Court finds no Cherokee law that requires confidential Tribal documents to be physically copied for use by either Cherokee citizens or council members. Neither the Cherokee FOIA nor the GRA dictate that documents deemed “confidential” be available for copying. While the GRA states that confidential documents must be made available to the requesting council member, as they were here, the law does not require that they be copied in addition. To hold that the phrase “produced or otherwise made available” contained §§ 5(0) and 45(E) includes not only access to the records but physical copies as well would be to engage in the practice of legislating, which is not the duty of this Court.
The District Court held that the, “Government Records Act does not require those items deemed confidential to be copied but only provided to the requesting council member,” Order at 1. We find this to be the correct interpretation of the Act.
Coates has been given the opportunity to review the desired documents—an opportunity she is still able to exercise today. If Coates believes she has not been provided with all of the documents she has requested, she must make a specific request for the missing documents, which hopefully will resolve this matter out of court.[8] It is then discretionary with the Administration whether or not to allow physical copies of any confidential documents.[9] Should the Administration deem any of the requested documents “privileged and confidential,” they must clearly be marked as such in accordance with § 5(0) of the GRA. At that point, if Coates is still not satisfied with the documents she receives, she then may re-file in the District Court, making a specific claim as to which documents are allegedly being withheld.
The ruling of the District Court is AFFIRMED. However, it must be clear that Appellant Coates has the right to re-file her claim in District Court as per the instructions listed in the immediately preceding paragraph. Should she choose to re-file, the District Court must determine whether or not the documents she has requested may be copied by asking:
1. Are the documents properly deemed “privileged and confidential” under § 45(E) of the GRA?
2, Are the documents of the type that must be made available for public inspection and copying under § 104(D) of the Cherokee FOIA?
IT IS SO ORDERED.

. The documents Coates requested relate to construction and renovations plans, direct mail literature promoting Principal Chief Baker entitled "Promises Made, Promises Kept," real estate purchases ot the Tribe, and complimentary gifts given to Cherokee Nation Business board members.

. The decision not to allow Coates to have copies was made solely by Respondent Hem-bree. Coates’ Opening Brief at 6. There is no evidence to suggest that any of the other Respondents advised him not to allow her copies.

. It is worth noting that during the pendency of this matter, the Cherokee Nation promulgated revised versions of both the Cherokee FOIA and the GRA. However, we believe neither of these amended authorities have any effect on the disposition of this case.

. As stated earlier, the GRA was revised while this case was pending, and is now known as the ‘Enhanced Government Records Act of 2014.' Under the amended version of § 5(D), the text reads. "In the event that the record submitted to the Council Memberfs) is "privileged or confidential'' as defined under the federal Freedom of Information Act, 5 U.S.C. § 552(b)(4) and the federal case law thereunder, is exempt from disclosure under the Cherokee Nation Freedom of Information and Rights of Privacy Act, as amended, or is confidential under Cherokee Nation law, that record shall, nevertheless, be produced or otherwise made available to the requesting Council Members)." LA-15-14 at § 45(E). Again, we believe ibis updated version of the GRA has no effect on the ultimate, outcome of this case.

. § 5(0) of the GRA is now listed as § 45(E) under the Enhanced GRA, and hence are essentially one in the same.

. The GRA uses § 552(b)(4) of the federal FOIA to determine which types of material constitutes "privileged and confidential” information, When read in conjunction with the GRA, the provision essentially states that privileged and confidential information constitutes "trade secrets and commercial or financial information obtained from a person and privileged or confidential ...” 5 V.S.C. *339 § 552(b)(4). In addition, the GRA itself states that “personal financial information, credit reports or other financial data obtained by or submitted to the Cherokee Government for the purpose of evaluating credit worthiness, obtaining a license, permit or for the purpose of becoming qualified to contract with the Cherokee Government shall be 'privileged or confidential’ under this Act.” § 5(0). The GRA lists no other sources for determining which types of information may be deemed ‘privileged and confidential.’ It will ultimately be up to the Administration to justify claiming that the records Coates is seeking are ‘privileged and confidential' under § 552(b)(4) of the federal FOIA or the GRA should she choose to re-file her claim in District Court.

. The statutory language of the GRA comports with our holding in O'Leary v. Smith. There, the information was ordered to be produced only; the order did not address copies.

, We recognize Coates’ need to expeditiously settle this matter. It is therefore noteworthy to assure Coates that there is no need for her to repeat a request for the same documents. The records have already been gathered and are available for her review. As Respondent Hembree discusses, while the GRA and Cherokee FOIA do not require the parties to "meet and confer,” it would be advisable to both parties to attempt an informal discussion pertaining to any allegedly missing or withheld documents in the interest of judicial economy, before resorting to costly, time consuming, and potentially unnecessary litigation. See Response Brief of Attorney General Hembree at 28.

. As stated earlier, the Administration will have the burden of showing that the records requested by Coates fall within the narrow group of information deemed 'privileged and confidential’ under § 552(b)(4) of the federal FOIA and §§ 5(0) and 45(E) of the GRA provisions of confidentiality.